# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE )
                                             )

                                             )

      v.                                    )

                                             ) C.A. No. 0811004552

HASANI PERKINS )

                                             )

                                             )

                                             )

Submitted: July 17, 2014
Decided: August 21, 2014

Upon Defendant's Motion for Modification of Sentence

## **ORDER**

1. On July 12, 2009, Defendant was sentenced as an Habitual Offender, pursuant to 11 *Del. C.* § 4214(a) to 8 years at Level 5 for Assault Second Degree; as an Habitual Offender to 5 years at Level 5 for Carjacking Second Degree; 3 years at Level 5 for Attempted Robbery First Degree; and 2 years at Level 5, suspended for 2 years at Level 4 Crest, suspended upon successful completion of Crest for the balance at Level 3, hold at Level 5 pending placement at Level 4, for felony Criminal Mischief. In accordance with Title 11, Section 3901(d) of the Delaware Code, the Level 5 sentences are consecutive.[1]

---

[1]11 *Del. C.* § 3901(d) (2012) ("No sentence of confinement of any criminal defendant...shall be made to run concurrently with any other sentence of confinement imposed on such criminal defnedant.").

2. Section 3901(d) recently has been amended, with an effective date of July 9, 2014. As amended, Section 3901(d) provides in pertinent part: "The court shall direct whether the sentence of confinement of any criminal defendant by any court of this State shall be made to run concurrently or consecutively with any other sentence of confinement imposed on such criminal defendant."

3. Defendant requests that the Court modify his sentence so that the Level 5 sentences of confinement be served concurrently.

4. Amended statutes will not be applied retroactively, unless the statute clearly contains express language indicating that the legislature intended retroactive application.[2]

5. The Court finds that Section 3901(d), as amended, was not intended by the Delaware General Assembly to have retroactive effect.

**THEREFORE,** Defendant's Motion to Modify Sentence is hereby **DENIED.**

**IT IS SO ORDERED.**

/s/ *Mary M. Johnston*
The Honorable Mary M. Johnston

---

[2] *State v. Ismaaeel*, 840 A.2d 644, 654 (Del. Super. 2004).